**SO ORDERED.**

**DONE and SIGNED May 29, 2015.**



_____
JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| In re: | § | |
|---|---|---|
| | § | Case No. 13-12826 |
| Michael Chad James | § | |
| | § | Chapter 13 |
| Debtor | § | |

### MEMORANDUM ORDER

This matter is before the Court on the Motion for Relief from Stay and to Apply Insurance Proceeds filed by Santander Consumer USA, Inc. (Docket No. 38), hereinafter "Santander," as well as the responses of the debtor (Docket No. 40) and the Chapter 13 Trustee (Docket No. 60). The Court held a hearing on this matter on May 27, 2015.

The parties stipulated to the following facts:

1. Santander is the holder of a Retail Installment Sale Contract executed by the debtor on June 7, 2013, granting a security interest in a 2013 Chrysler 200 motor vehicle.

1

2. The debtor filed this Chapter 13 case on October 31, 2013. The debtor's Chapter 13 plan was confirmed on January 28, 2014, and Santander was receiving payments on its secured loan under the terms of the confirmed Chapter 13 plan.

3. Subsequent to confirmation, the motor vehicle securing Santander's claim was involved in an accident and the insurance company insuring the debtor's vehicle has tendered insurance proceeds totaling $16,228.51 to the Chapter 13 Trustee, Lucy Sikes. The vehicle was deemed by the insurance company "a total loss," meaning the cost of repairs to the vehicle exceeded the vehicle's value. Therefore, the vehicle would not be repaired and proceeds in the amount of the vehicle's value was remitted to the Chapter 13 Trustee by the insurance company.

4. At the time of the accident, the debt owed by the debtor to Santander was $24,228.51.

5. That Santander seeks the Chapter 13 Trustee to remit the entire amount of the insurance proceeds without deduction of the statutory fee, to which the Chapter 13 Trustee has objected.

6. The Motion for Relief from Stay and to Apply Insurance Proceeds may be granted by the Court subject to this Court's determination of whether the Chapter 13 Trustee should receive her statutory fee on the insurance proceeds she holds.

The Chapter 13 Trustee collects compensation and reimbursement of expenses as a percentage of every dollar the trustee receives from debtors. The formula for calculating compensation and expense reimbursement is found in 28 U.S.C. § 586(e).

28 U.S.C. § 586(e)(2) governs the statutory Chapter 13 Trustee fee used for payment of Chapter 13 Trustee compensation and Chapter 13 Trustee operating expenses. 28 U.S.C. § 586(e)(2) provides "[the Chapter 12 or 13 Trustee] shall collect such percentage fee from all payments received by [the Chapter 12 or 13 Trustee] under plans in the cases…for which such individual serves as standing trustee." The general rule is that the Chapter 13 Trustee is permitted to deduct

a maximum of ten percent from all payments received by the Trustee under plans. 28 U.S.C. § 586(e)(1)(B)(i). The actual percentage is often less, and the trustee percentage fee in the Shreveport Division of the Western District of Louisiana is currently seven percent. The actual percentage is set after the Chapter 13 Trustee projects a yearly budget and consults with and is granted budget approval by the U.S. Trustee for the region. The percentage fee is subject to periodic adjustment upon approval by the U.S. Trustee if trustee receipts and expenses vary.

To the extent insurance proceeds from estate property are payments received by the Chapter 13 Trustee, 28 U.S.C. § 586(e)(2) requires the Trustee assess the percentage fee for compensation and expenses. However, if insurance proceeds are substantial, deduction of the usual percentage fee may result in a windfall for the Chapter 13 trustee. Depending on the circumstances, this could lead to a hardship for the debtor or creditors.

There are two conflicting points of view regarding the collection of the trustee fee. The Chapter 13 Trustee urges this Court to adopt the holding in *Nardello v. Balboa* (*In re Nardello*), 514 B.R. 105 (Bankr. D.N.J. 2014). In that case, the court held "[t]he plain language of Section 586 directs the standing trustee to collect a percentage fee based on 'all payments received' by the trustee and this language makes payment of the percentage fee mandatory." This interpretation would allow the Chapter 13 Trustee to collect the statutory trustee fee on the insurance proceeds in this case.

The alternative view, which Santander and the debtor urge this Court adopt, is the holding in *McRoberts v. Associates Commer. Corp.* (*In re Derickson*), 226 B.R. 879, (Bankr. S.D. Ill. 1998). The holding in that case, which concerns insurance proceeds, is that the Trustee is not entitled to the statutory fee because the insurance proceeds were not a payment from the debtors' income or other property; instead, the proceeds constituted a surrender of collateral to the creditor.

3

*Id*. That court found there was no "payment" within the meaning of § 586(e)(2); therefore, the Chapter 13 Trustee was not entitled to collect a fee on the insurance proceeds. *Id*.

This Court finds *McRoberts* more persuasive. Insurance proceeds are not intended as a payment from the debtor's income or other property. Rather, such proceeds flow from destruction of the creditor's security, and serve as a replacement of that collateral, albeit in a different form. In this case, the debtor's 2013 Chrysler 200 has been converted to insurance proceeds and these proceeds remain the creditor's collateral. For this reason, payment of the insurance proceeds fails to qualify as a "payment" from the debtor's income or other property, but instead constitutes a surrender of collateral to the creditor. Because the Court finds that there was no "payment" within the meaning of 28 U.S.C. § 586(e)(2), the Trustee is not entitled to collect a fee on the insurance proceeds distributed to Santander.

While the Chapter 13 Trustee raises concerns that she is entitled to a trustee fee simply because the funds are in her hands and will be disbursed by her, the insurance proceeds are in the Trustee's possession for accounting purposes only. This Court has routinely required insurance proceeds in all Chapter 13 cases be paid to the Chapter 13 Trustee. Such a requirement ensures that all parties, including the debtor, secured creditors and unsecured creditors, only receive funds to which they are entitled. This requirement additionally ensures accurate recording keeping to which the Court, creditors and the debtor may access and on which they may rely. Reliable records of accounting on each case is important for the Court to properly evaluate any disputes regarding Chapter 13 Trustee receipts and payments. Having a centralized database which can be easily accessed, and which is accurate, is of the utmost importance to the Court in both reviewing and evaluating cases. This is especially important given the large number of Chapter 13 cases this Court has jurisdiction over. On each Chapter 13 case, the Court should be able to review how

much has been paid to every party, the timing of those payments, and what amount is yet to be paid. These records would not be available in a centralized location but for the Standing Chapter 13 Trustee, who maintains accounting records on each case and is audited by the United States Trustee annually. These records are accurate and are easily available without extra cost or effort via the Chapter 13 Trustee's website to the Court, debtors and all parties in interest.

While insurance proceeds in this case will be paid in full to the secured creditor, there are other instances where this will not be the case. Insurance proceeds on vehicles, especially in older Chapter 13 cases where vehicle debts have been paid down by the plan payments, can exceed both the payoff to the secured creditor, as well as the exemption allowed by the State of Louisiana. In these cases, the debtor would typically receive the amount of the allowed vehicle exemption without a trustee fee. *See Law v. Siegel*, 134 S. Ct. 1188 (2014). However, if insurance proceeds exceed both the total of a secured creditor's claim as well as the exemption allowed, there may be insurance proceeds which could possibly be disbursed to unsecured creditors by the Trustee. In these instances, the Chapter 13 Trustee is entitled to collect her statutory fee under 28 U.S.C. § 586(e)(2), but only on the insurance proceeds that would be disbursed to unsecured creditors.

**ACCORDINGLY, IT IS ORDERED** that the Motion for Relief from Stay and to Apply Insurance Proceeds of creditor, Santander Consumer USA, Inc. (Docket No. 38) is granted.

**IT IS FURTHER ORDERED** that the Chapter 13 Trustee, Lucy Sikes, pay to Santander Consumer USA, Inc. the entire insurance proceeds without deduction of the statutory Chapter 13 trustee fee.

###